Filed 3/17/16  P. v. Rocha CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064317 |
| v. | (Super.Ct.No. FSB1300892) |
| CERAFIN RODRIGUEZ ROCHA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Cerafin Rodriguez Rocha pled no contest to attempted murder (Pen. Code,[1] §§ 664/187, subd. (a), count 1), and assault with a firearm (§ 245, subd. (a)(2), count 2), and he admitted a firearm enhancement under section 12022.53, subdivision (b). A trial court sentenced him to a total of 20 years in state prison, pursuant to the plea agreement.

Defendant filed a letter in propria persona, which was treated by the court clerk as a notice of appeal. Appellate counsel subsequently filed an amended notice of appeal, based on the sentence or other matters not affecting the validity of the plea. We affirm.

PROCEDURAL BACKGROUND

On September 12, 2014, an information was filed charging defendant with attempted murder (§§ 664/187, subd. (a), count 1), and assault with a firearm (§ 245, subd. (a)(2), count 2). The information also alleged with respect to both counts that defendant committed the crimes to benefit a criminal street gang (§ 186.22, subd. (b)(1)(A)), and that he personally inflicted great bodily injury (§ 12022.7, subd. (a)). As to count 1, firearm enhancements were alleged pursuant to section 12022.53, subdivisions (b), (c), and (d). As to count 2, firearm enhancements were alleged pursuant to section 12022.5, subdivisions (a) and (d). The information further alleged that defendant had a prior strike conviction (§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and that he had served two prior prison terms (§ 667.5, subd. (b)). Defendant pled not guilty to all charges.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

On February 3, 2015, defendant, who was represented by counsel, entered a plea agreement and withdrew his plea of not guilty. Before accepting the plea, the court questioned him. The court asked if defendant had adequate time to discuss his case with his attorney and to discuss all of his rights, all penalties and punishments, and the nature of the charges. Defendant replied that he had. The court asked if he understood all of his rights, the penalties and punishment, and the nature of the charges. Defendant replied that he did. Finally, the court asked defense counsel if he agreed that he had adequate time to discuss everything with defendant, and defense counsel said that he had. Defendant pled no contest to counts 1 and 2 and admitted the firearm enhancement pursuant to section 12022.53, subdivision (b). Counsel stipulated that there was a factual basis for the plea. The court then found that the plea and waiver of constitutional rights were knowingly and intelligently made, and it set a sentencing hearing.

Prior to sentencing, defendant told the court he wanted to withdraw his plea because his retained attorney did not adequately advise him of the nature of his plea agreement. The court appointed a public defender to consider filing a motion to withdraw the plea. The public defender determined there was no basis to withdraw the plea. At a sentencing hearing on August 4, 2015, defendant claimed he did not spend any time with the public defender, and that he still wanted to withdraw his plea. Thus, the court reappointed the public defender's office for consideration of the matter again.

At a hearing on August 7, 2015, the public defender again found no basis to withdraw the plea. Defendant again asked the court to allow him to withdraw his plea. The court denied the request.

On August 18, 2015, defendant requested a continuance so that he could hire an attorney to file a motion to withdraw his plea. The court denied the request. The court announced it would proceed with sentencing, and defendant asked if he could represent himself. The court denied that request, as well. It then sentenced him to a total of 20 years in state prison, pursuant to the plea agreement. The court dismissed the remaining allegations.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether the court erred in summarily denying defendant's request to represent himself; and (2) whether defendant's plea was constitutionally valid. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

McKINSTER

J.

MILLER

J.